UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JEFFREY KISER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CAUSE NO.  3:04-CV-701 JM |
| v. | ) | |
| | ) | |
| CHAD BARR, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

<u>MEMORANDUM AND ORDER</u>

Jeffrey Kiser, an inmate confined at the Miami Correctional Facility, submitted a complaint under 42 U.S.C. § 1983, alleging that he was denied adequate dental care while at the Miami Correctional Facility. The court must review the merits of a prisoner complaint seeking redress from a governmental entity or officer or employee of a governmental entity, and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. Courts apply the same standard under § 1915A as when addressing a motion under Fed. R. Civ. P. 12(b)(6) to dismiss a complaint. <u>Weiss v. Colley</u>, 230 F.3d 1027, 1029 (7th Cir. 2000).

> A claim may be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Allegations of a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. Accordingly, pro se complaints are liberally construed.
>
> In order to state a cause of action under 42 U.S.C.§ 1983, the Supreme Court requires only two elements:  First, the plaintiff must allege that some person has deprived him of a federal right.  Second, he must allege that the person who has deprived him of the right acted under color of state law.  These elements may be put forth in a short and plain statement of the claim showing that the pleader is entitled to relief. FED. R. CIV. P. 8(a)(2). In reviewing the complaint on a motion to dismiss, no more is required from plaintiff's allegations of intent than what would satisfy Rule 8's notice pleading minimum and Rule 9(b)'s requirement that motive and intent be pleaded generally.

<u>Alvarado v. Litscher</u>, 267 F.3d 648, 651 (7th Cir. 2001) (citations, quotation marks and ellipsis omitted).

Mr. Kiser alleges in July of 2004 he submitted a dental request seeking a cleaning and treatment for a tooth ache that was causing serious pain. (Complaint, pg. 4). He was given an appointment for July 23, 2004. He was not called for the appointment on July 23, but was seen in August by Dr. Newman who filled two teeth. Mr. Kiser says Dr. Newman drilled too deep. As a result, he was in pain and again asked to see the dentist. Some time later in August he was seen by Dr. Newman who coated the teeth. On September 2, 2004, Mr. Kiser put in another dental request because his teeth were still hurting. He was seen by Dr. Newman on September 9, 2004, and both teeth were adjusted. On September 10, 2004, Mr. Kiser submitted another dental request because his gums were painful and bleeding. Mr. Kiser submitted another request a few days later and was seen on October 11, 2004. Mr. Kiser explained to Dr. Newman that he was in pain and didn't want the teeth refilled. Dr. Newman gave him three shots and pulled one of the teeth. Mr. Kiser says Dr. Newman pulled the wrong tooth, and didn't correct the problem until November 2, 2004 when the problem was fixed.

A violation of the Eighth Amendment's cruel and unusual punishments clause consists of two elements: (1) objectively, whether the injury is sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities, and (2) subjectively, whether the prison official's actual state of mind was one of "deliberate indifference" to the deprivation. Farmer v. Brennan, 511 U.S. 825, 834 (1994); Wilson v. Seiter, 501 U.S. 294 (1991).

Mr. Kiser names Chad Barr as a defendant in this case. He alleges that Mr. Barr failed to correct the actions of Dr. Newman and failed to give him access to his dental records. Mr. Kiser does not allege that Mr. Barr denied him adequate dental care, only that he didn't correct the actions of Dr. Newman. The doctrine of *respondeat superior*, under which an employer or supervisor may be held liable for an employee's actions, has no application to § 1983 actions. Moore v. State of Indiana, 999 F.2d 1125, 1129 (7th Cir. 1993). Additionally, Mr. Kiser has no

2

constitutional right to his dental records because that denial was not sufficiently serious to deprive the prisoner of the minimal civilized measure of life's necessities.

In medical cases, the Eighth Amendment test is expressed in terms of whether the defendant was deliberately indifferent to the plaintiff's serious medical needs. Gutierrez v. Peters, 111 F.3d 1364, 1369 (7th Cir. 1997). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention, and if untreated could result in further significant injury or unnecessary pain, and that significantly affects the person's daily activities or features chronic and substantial pain. Gutierrez v. Peters, 111 F.3d at 1373.

Deliberate indifference is comparable to criminal recklessness, and is shown by "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." Duane v. Lane, 959 F.2d 673, 677 (7th Cir. 1992). The defendant "must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1994). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." McGill v. Duckworth, 944 F.2d 344, 347 (7th Cir. 1991). Negligence does not satisfy the "deliberate indifference" standard, Sellers v. Henman, 41 F.3d 1100, 1102 (7th Cir. 1994), and it is not enough to show that a defendant merely failed to act reasonably. Gibbs v. Franklin, 49 F.3d 1206, 1208 (7th Cir. 1995). Even medical malpractice and incompetence do not state a claim of deliberate indifference. Walker v. Peters, 233 F.3d 494 (7th Cir. 2000).

Prisoners are not entitled to any particular treatment, and disagreement with a physician over a course of medical treatment states no claim under 42 U.S.C. § 1983. Hendricks v. Faulkner, 525 F. Supp. 435, 458 (N.D. Ind. 1981), *aff'd in part vacated in part on other grounds sub nom.*, Wellman v. Faulkner, 715 F.2d 269 (7th Cir. 1983) (a mere disagreement with a physician over a

course of medical treatment states no claim under § 1983). That medical personnel see and treat an inmate normally establishes lack of indifference to his medical problems. Estelle v. Gamble, 429 U.S. at 107-108. Mr. Kiser says that he was treated by the dentist on 5 occasions in four months. Mr. Kiser is not entitled to particular treatment, but in this case he received the treatment he requested when Dr. Newman pulled the tooth instead of filling it again. The fact that the dentist may have been negligent in his treatment of Mr. Kiser's teeth fails to state a claim. The facts as given by Mr. Kiser establish that Dr. Newman was not deliberately indifferent to his medical needs.

For the foregoing reasons, the court **DISMISSES** this complaint pursuant to 28 U.S.C. § 1915A(b)(1).

**IT IS SO ORDERED.**

**DATED: May 25, 2005**

 s/James T. Moody
**JAMES T. MOODY, JUDGE**
**UNITED STATES DISTRICT COURT**

4